Citation Nr: 1714082 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 11-15 080 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of service connection for a right hip disability, to include as secondary to a service-connected disability.

2. Entitlement to service connection for a left hip disability, to include as secondary to a service-connected disability.

3. Entitlement to a rating in excess of 10 percent for a right knee disability.

4. Entitlement to a rating in excess of 10 percent for a left knee disability.

5. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans
WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. Schechner, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from July 1986 to February 1990. These matters are before the Board of Veterans' Appeals (Board) on appeal from August 2009 and May 2012 rating decisions by the Detroit, Michigan Regional Office (RO) of the Department of Veterans Affairs (VA). In January 2017, a videoconference Board hearing was held before the undersigned; a transcript of the hearing is in the record.

The issues of service connection for a right hip disability (on de novo review) and a left hip disability, and the matters of the ratings for right and left knee disabilities and entitlement to a TDIU rating are being REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action on his part is required.


FINDINGS OF FACT

1. Unappealed August 2003 and February 2004 rating decisions denied (confirmed the denial of) service connection for a right hip disability, based essentially on a finding that such disability was not shown.

2. Evidence received since the February 2004 rating decision includes records that show treatment for, and a VA examination with a diagnosis of, right hip bursitis; relates to the unestablished fact necessary to substantiate the claim of service connection for a right hip disability; and raises a reasonable possibility of substantiating such claim.


CONCLUSION OF LAW

New and material evidence has been received and the claim of service connection for a right hip disability may be reopened. 38 U.S.C.A. § 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

Inasmuch as this decision grants in full the portion of the claim regarding a right hip disability that is being decided, there is no reason to belabor the impact of the VCAA on the matter, as any notice or duty to assist omission is harmless.

Legal Criteria, Factual Background, and Analysis

Initially, the Board notes that it has reviewed all of the evidence in the Veteran's record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000)(VA must review the entire record, but does not have to discuss each piece of evidence.) Hence, the Board will summarize the relevant evidence, as deemed appropriate, and the Board's analysis will focus specifically on what the evidence shows, or does not show, as to the claim. 

Generally, when a claim is disallowed, it may not be reopened and allowed, and a claim based on the same factual basis may not be considered. 38 U.S.C.A. § 7105. However, a claim on which there is a final decision may be reopened if new and material evidence is submitted. 38 U.S.C.A. § 5108.

"New" evidence means existing evidence not previously submitted to agency decision-makers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). When determining whether the claim should be reopened, the credibility of the newly submitted evidence is to be presumed. Fortuck v. Principi, 17 Vet. App. 173, 179-80 (2003).

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303(a). To substantiate a claim of service connection, there must be evidence of (1) a current disability (for which service connection is sought); (2) incurrence or aggravation of a disease or injury in service; and (3) a causal connection between the disease or injury in service and the current disability. See Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

A disorder first diagnosed after discharge may be service connected if all the evidence establishes that the disorder was incurred in service. 38 C.F.R. § 3.303(d); Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994). 

Lay evidence may be competent evidence to establish incurrence. See Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (e.g., a broken leg), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. However, competent medical evidence is necessary where the determinative question is one requiring medical knowledge. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also mean statements conveying sound medical principles found in medical treatises. Competent medical evidence may also include statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). 

Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2).

Once the evidence is assembled, the Board is responsible for determining whether the preponderance of the evidence is against the claims. If so, the claim is denied; however, if the evidence is in support of the claim, or is in equal balance, the claim is allowed. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). It is the policy of VA to administer the law under a broad interpretation, consistent with the facts in each case, with all reasonable doubt to be resolved in favor of the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 

The Court has held that the requirement of new and material evidence raising a reasonable possibility of substantiating the claim is a low threshold one. The Court interpreted the language of 38 C.F.R. § 3.156(a) and viewed the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding opening". See Shade v. Shinseki, 24 Vet. App. 110 (2010).

An August 2003 rating decision denied the Veteran service connection for a right hip condition, based essentially on findings that there was no current diagnosis. Following the submission of additional evidence, a February 2004 rating decision confirmed and continued the denial of service connection for a right hip disorder.
She was informed of, and did not appeal, those decisions, or submit new and material evidence within a year following the February 2004 decision, and that decision is final. 38 U.S.C.A. § 7105.
The pertinent evidence of record at the time of the February 2004 rating decision included the Veteran's STRs, postservice VA treatment records, and the Veteran's statements. The record did not show a current diagnosis of a chronic right hip disability.

Evidence received since the February 2004 rating decision includes VA and private treatment records through 2016, VA examination reports, and statements and testimony from the Veteran. On July 2008 VA examination, the diagnoses included bilateral hip bursitis, left greater than right. At the hearing before the undersigned, the Veteran testified that her treatment providers have told her that her bilateral knee disability is causing injury to the hips.

The evidence received since the February 2004 rating decision was not before agency decision-makers at that time, is new, and directly addresses an unestablished fact necessary to substantiate the Veteran's claim of service connection for a right hip disability (a chronic diagnosed condition is shown by the postservice medical evidence). The July 2008 examination report establishes that the Veteran has a chronic right hip disability. Her (presumed credible) testimony suggests that it may have been caused or aggravated by (be secondary to) her service-connected bilateral knee disability. Consequently, particularly in light of the "low threshold" standard outlined by the Court in Shade, the Board finds that the evidence is both new and material, and that the claim of service connection for a right hip disability must be reopened. De novo consideration of the claim is addressed in the remand below.


ORDER
The appeal to reopen a claim of service connection for a right hip disability is granted.


REMAND

The Board finds that further development of the record is required to comply with VA's duty to assist the Veteran in the development of the facts pertinent to the claims on appeal. See 38 C.F.R. § 3.159. VA is obligated to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate her claims. 38 U.S.C.A. § 5103A. 

The Veteran contends that her bilateral hip disabilities are related (secondary) to her service-connected bilateral knee disabilities. Under 38 C.F.R. § 3.310(b), any increase in severity of a nonservice-connected disease, or injury that is proximately due to or the result of a service-connected disease, will be service connected. 

On July 2008 VA examination, the diagnoses included bilateral hip bursitis, left greater than right. The examiner opined that, based on the Veteran's provided history, current physical examination and radiograph findings, and symmetric changes noted both on physical examination and on radiographs, it is unlikely that the bilateral hip condition is related to the bilateral knee condition. On October 2014 VA knees examination, the examiner opined, "The condition bilateral bursitis of other joints is not caused by or a result of SC knee condition. Rationale: both of them are two different, independent conditions." The probative value of a medical opinion rests in part on the completeness of the record on which it was based, and also on the explanation of rationale for the opinion. The medical opinions of record regarding the Veteran's bilateral hip disabilities are inadequate because the examiners failed to provide any real rationale for the negative opinions stated, and did not address whether the Veteran's bilateral hip disabilities were aggravated by her service-connected knee disabilities. Further development for an adequate medical opinion is necessary. See Barr v. Nicholson, 21 Vet. App. 303 (2007) (finding that VA must provide an examination that is adequate for rating purposes).

The Veteran states that her right and left knee disabilities have worsened since her most recent (October 2014) VA examination. A new examination is appropriate when there is an assertion of an increase in severity since the last examination. At the January 2017 Board hearing, the Veteran testified that she receives injections to both knees, and uses VA-issued knee braces and a cane, and that the knees give way often, causing her to fall about once every month. A contemporaneous examination to assess the severity of the knee disabilities is necessary.

At the Board hearing, the Veteran testified that she was awarded Social Security Administration (SSA) disability benefits due to her knee disabilities, hip disabilities, shoulder disabilities, disc problems, hidradenitis suppurativa, and dermatitis. She testified that, after working for the U.S. postal service for 16 years, she took a disability retirement. A review of the record found that copies of the SSA decision and underlying medical records have not been secured for the record. As they are constructively of record and cannot be found immaterial, VA has an obligation to secure them. Additionally, the Veteran's employment records pertaining to her disability retirement may contain pertinent information, and should be secured.

Finally, any outstanding (updated) records of VA evaluations or treatment the Veteran may have received for the disabilities at issue are constructively of record, may contain pertinent information, and must be secured.

Accordingly, the case is REMANDED for the following:

1. The AOJ should (with the Veteran's assistance by providing the necessary authorization) secure for the record any relevant employment records and other records associated with her disability retirement from the U.S. Postal Service.

2. The AOJ should secure for the record from SSA a copy of their determination on the Veteran's claim for SSA disability benefits, and copies of the medical records on which the determination was based. If such records are unavailable, it should be so noted in the record (with explanation of the reason for the unavailability), and the Veteran should be so advised.

3. The AOJ should secure for the record copies of the complete outstanding clinical records of all VA evaluations and treatment the Veteran has received for the disabilities remaining on appeal. The AOJ should review the records received, and arrange for any further development suggested by the information therein. 

4. The AOJ should then arrange for the Veteran to be examined by an orthopedist to determine the nature and likely etiology of her bilateral hip disabilities, and specifically whether or not either is related to (was caused or aggravated by) her service-connected bilateral knee disabilities, and to assess the severity of her service-connected bilateral knee disabilities. The Veteran's entire record (including this remand) must be reviewed by the examiner in conjunction with the examination. Any tests or studies deemed necessary should be completed and all findings should be reported in detail. 

Range of motion studies of the knees should include active and passive motion, with and without weight-bearing, and with resistance. The examiner should indicate whether there would be additional functional impairment on repeated use or during flare-ups of the knees, and if so express the degree of additional functional impairment on repeated use or during flare-ups in terms of additional loss of range of motion. 

Based on examination/interview of the Veteran and review of her record, the examiner should:

(a) Identify (by diagnosis) each right and left hip disability entity found. 

(b) Regarding each hip disability entity diagnosed, opine whether it at least as likely as not (a 50% or greater probability) was caused or aggravated by (increased in severity due to) the Veteran's service-connected right and left knee disabilities? [The opinion must address aggravation.]

If the opinion is to the effect that service-connected disabilities did not cause, but aggravated, the diagnosed hip disability, the examiner should specify, to the extent possible, the degree of disability (pathology/impairment) resulting from such aggravation. 

If the opinion is to the effect that the Veteran's diagnosed hip disability was not caused or aggravated by a service-connected disability, please identify the etiology considered more likely.

(c) Describe (regarding the knee disabilities) in detail the impact they have on the Veteran's daily activity functioning (i.e., what types of activities would be precluded by the disabilities). 

The examiner must explain the rationale for all opinions, citing to supporting factual data as deemed appropriate. If a requested opinion cannot be provided without resort to mere speculation, it should be so stated (with explanation why the opinion cannot be offered without resort to speculation).

5. The AOJ should then review the record, arrange for any further development suggested by additional information received, and readjudicate the claims (TDIU in light of the determinations on the other claims). If any remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran and her representative opportunity to respond, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs